UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00422-MOC-DSC

| | | |
|---|---|---|
| IN RE: CAPITAL BANK FINANCIAL CORP. STOCKHOLDER LITIGATION | ) ) ) ) ) ) | ORDER |

**THIS MATTER** is before the court on the parties' Stipulation of Dismissal and Proposed Order (#6). While the Court will enter an Order as requested by the parties, the "Stipulation of Dismissal and Proposed Order" is problematic as it seeks relief from the Court.

First, in the Rule 41(a)(1) Stipulation of Dismissal, the parties ask the court to enter an Order and to retain jurisdiction to resolve any fee and expense issue that may arise in the future. A true Rule 41(a)(1)(ii) stipulation does not contain requests for entry of an Order or decisions on retention of jurisdiction. Indeed, when a Rule 41(a)(1)(ii) dismissal is filed, the action is terminated.

> A voluntary dismissal under Rule 41(a)(1)(i) is "a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *In re Matthews*, 395 F.3d 477, 480 (4th Cir.2005) (internal quotation marks omitted). A voluntary dismissal acts of if no action was brought at all. *Id.* After an action is voluntarily dismissed, the court "lacks authority to conduct further proceedings on the merits." *Id.* at 480. "[A] judgment on the merits that is entered after the plaintiff has filed a proper 41(a)(1) notice of dismissal is indeed void."

Jackson v. United States, 245 Fed. Appx. 258, 259 (4th Cir. 2007) (citation omitted).

1

Second, any request for relief from the Court must be by motion, LCvR 7.1, inasmuch as a "Stipulation" or "Notice" does not create a trackable event in ECF that would alert the Court that action is required. Indeed, had it not been for alert staff, this Stipulation of Dismissal would have resulted in the complete termination of this case.

\*\*\*

Putting aside those problems, it is clear that the parties wish to take a voluntary dismissal of this action based on amicable resolution of the substantive issues, but would like the Court to retain jurisdiction in the event resulting fees and expenses cannot be resolved. The Court is happy to accommodate that request. While Jackson teaches that jurisdiction to do anything is lacking at this point as a Rule 41(a)(1) dismissal has been filed, the Court finds that the parties intended to file, as provided under LCvR 7.1, a joint Rule 41(a)(2) Motion to Dismiss and that the filing was not a "proper" Rule 41(a)(1) dismissal as discussed in Jackson. The Court will, therefore, deem the Stipulation of Dismissal to be a motion and resolve such motion as follows:

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Stipulation of Dismissal and Proposed Order (#6), is **DEEMED** to be a Rule 41(a)(2) Motion to Dismiss, and such motion is **GRANTED**. The Stipulation of Dismissal (#6) is **INCORPORATED** herein by reference as if it were fully set forth (less the reference to Rule 41(a)(1)) and is made part of this Order. As requested by the parties, the Court retains the right to reopen this action to resolve any dispute as to fees or expenses that may arise.

Signed: August 25, 2017



Max O. Cogburn Jr
United States District Judge